IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) ADRIANO M. SERAFIM,<br><br>  Plaintiff,<br><br>vs.<br><br>(2) STANDARD WIRELESS GROUP, L.L.C.,<br><br>(3) VANILLA GUERILLA ENTERPRISES L.L.C.,<br><br>(4) NETSCOUT SYSTEMS, INC., and<br><br>(5) RYAN HANSEN,<br><br>  Defendants. | Case No.: CIV- CIV-24-1037-HE |

## ORIGINAL COMPLAINT

COMES NOW the Plaintiff, Adriano M. Serafim, by and through his undersigned counsel of record, Mariano Acuña and Kari D. Holder, and files this Original Complaint against Defendants, Standard Wireless Group, L.L.C., Vanilla Guerilla Enterprises, L.L.C., Netscout Systems, Inc., and Ryan Hansen. In support of his Negligence Petition, Plaintiff states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Adriano M. Serafim (hereinafter "Mr. Serafim") is a citizen of the State of New Jersey.

2. Defendant, Standard Wireless Group, L.L.C. (hereinafter "Defendant SWG") is a citizen of the State of Alabama. SWG is a for-profit company

1

      incorporated in the State of Alabama with a principal place of business located at 114 Centric Drive, West Monroe, LA 71292. SWG is a telecommunications contractor that modifies and constructs cell towers, as well as line and antenna installs.

3. Defendant, Vanilla Guerilla Enterprises, L.L.C. (hereinafter "Defendant VGE"), is a citizen of the State of Alabama. VGE is a for-profit company incorporated in the State of Alabama with a registered agent located at 600 Boulevard South SW, Suite 104j, Huntsville, AL. VGE is a telecommunications contractor.

4. Defendant, Netscout Systems, Inc. (hereinafter "Defendant NSI") is a citizen of the State of Massachusetts. NSI is a for-profit company incorporated in the State of Massachusetts with a principal place of business located at 310 Littleton Road, Westford, MA 01886. NSI is a global cybersecurity and software development company.

5. Defendant, Ryan Hansen, (hereinafter Defendant Hansen) is a citizen of the State of Alabama. Defendant Hansen is the sole owner, operator, and manager at VGE. At all times relevant, Hansen was also the employee and/or agent of Defendant SWG.

6. The circumstances giving rise to this action occurred in Oklahoma County, State of Oklahoma.

7. On October 11, 2022, Mr. Serafim was descending from a cell tower when

the climbing equipment he was using failed causing him to fall approximately 100 feet. As a result of the fall, Mr. Serafim suffered damages. At all times relevant to this Complaint, Mr. Serafim was working for the benefit of all Defendants in Oklahoma County, State of Oklahoma.

8. Defendants were, at all times complained of herein, doing acts of business in this State or territory and such acts constituted the nexus of the damages complained of herein.

9. Defendants committed acts of negligence in this State or territory resulting in the incident and damages complained of herein.

10. This Court has jurisdiction pursuant to 28 U.S.C. §1332 as there is diversity of citizenship among the parties, and the amount in controversy is greater than $75,000.00.

11. Venue is proper in this judicial district pursuant to U.S.C. §1319(a) because Mr. Serafim's fall and a substantial part of the events giving rise to the claim occurred in Oklahoma County, State of Oklahoma.

## STATEMENT OF FACTS

12. Defendants NSI, SWG, VGE, and Hansen are involved in interstate commerce providing telecommunications infrastructure services and support to its clients, to include clients in the State of Oklahoma. In furtherance of their JOINT VENTURES, Defendants hired individuals, like Mr. Serafim, to fulfill their obligations under various contracts. Defendants hired tower

climbers, like Mr. Serafim, to test telecommunications towers.

13. Pursuant to their joint ventures, Defendants concocted a scheme to lure individuals, like Mr. Serafim, into "jobs." Defendants, and each of them, promised individuals employment with their company. The "jobs" they offered included payment of wages, reimbursements for travel, and the provision of all the necessary tools and equipment to perform the job, to include climbing material. Defendants also offered other benefits, such as adequate training and workers' compensation coverage.

14. On or about July 24, 2022, Defendant Ryan Hansen, using a SWG email account, offered a job to Mr. Serafim. Based on all of Defendant Hansen's representations, as well as his use of a SWG email account, Mr. Serafim reasonably believed he would be working for Defendant SWG.

15. In reality, Defendants, were engaged in a ruse that left their employees/agents/contractors, like Mr. Serafim, vulnerable and exposed to needless risk. Mr. Serafim, and possibly others, accepted "jobs" with Defendants in reliance on Defendants' various promises. Considering the inherent dangerousness of the tower climbing job, the offer of workers' compensation insurance was especially attractive and important to Mr. Serafim when he accepted a job with Defendants.

16. On or about October 2, 2022, Defendants, and each of them in joint venture and common purpose, assigned Mr. Serafim to work as a tower climber on a

       telecommunications tower in Oklahoma City, Oklahoma. They provided him with all the climbing material for his 100-foot climb.

17. Pursuant to the instructions of his SWG supervisor, Defendant Ryan Hansen, on October 11, 2022, Mr. Serafim climbed up a cell tower approximately 100 feet. He completed his work and was given the go-ahead to begin his descent. During his descent, the climbing equipment, which was provided to him by Defendants, failed causing Mr. Serafim to fall approximately 100 feet and suffer serious, painful, and permanent injuries.

18. At all times relevant to this Original Petition, Defendant Hansen was an employee of Defendant SWG and in the course and scope of his employment.

19. At all times leading up to October 11, 2022, Defendant Hansen acted as the employee and/or agent of Defendant SWG. Among other acts Defendant Hansen performed on behalf of SWG, Defendant Hansen hired Mr. Serafim; coordinated travel for Mr. Serafim; provided Mr. Serafim with climbing equipment; controlled expenses that Mr. Serafim was allowed to make in furtherance of his job duties; purchased and/or reimbursed Mr. Serafim for fuel, travel, and climbing equipment; and purported to help Mr. Serafim with a workers' compensation claim after his fall.

## COUNT I: NEGLIGENCE, NEGLIGENT TRAINING, NEGLIGENT RETENTION, AND NEGLIGENT SUPERVISION OF DEFENDANTS SWG, NSI, VGE, AND HANSEN

20. Defendants, and each of them, were negligent in the following manner:

    a. Defendants owed a nondelegable duty to all workers on site, to include Mr. Serafim, to institute a proper safety plan for workers on the job site.

    b. Defendants owed a nondelegable duty to all workers on site, to include Mr. Serafim, to provide them with all the necessary equipment to perform their jobs in a safe manner.

    c. Defendants failed to adequately communicate its plan to all individuals on the job site.

    d. Defendants failed to adequately train their employees/agents/contractors, at a time when it was foreseeable that if their employees/agents/contractors were not adequately trained, they were likely to suffer injuries or death.

    e. Defendants failed to adequately supervise their employee, Defendant Hansen, at a time when it was foreseeable to Defendants that if Hansen was not adequately supervised, he was likely to cause injuries to others.

    f. Defendants owed a nondelegable duty to all workers on site, to include Mr. Serafim, to provide them with a reasonably safe worksite,

6

      which they failed to do by providing inadequate and unsafe climbing equipment to Mr. Serafim.

  g.  Defendants created a hazard-namely, an unsafe climbing environment- at a time when it was foreseeable to Defendants that said hazard was likely to cause injuries to others.

## COUNT II: VICARIOUS LIABILITY

21. As the employer of Defendant Hansen, Defendants NSI, SWG, and VGE are vicariously liable for his negligence.

## COUNT III: JOINT VENTURE

22. NSI, VGE, SWG, and Hansen were in a joint venture at the time of Mr. Serafim's fall. More specifically, the Defendants were in an association to carry out a single enterprise for profit. Upon information and belief, Defendants' joint venture assigned a specific role to each. NSI was the principal/general contractor that awarded contracts for telecommunications services to SWG. In turn, SWG, through its employee, Hansen hired crews of tower climbers. VGE served as an administrative company to manage payroll and other matters on behalf of all Defendants. In the joint venture, all Defendants gained from the work performed by their tower climbing crews, to include the work performed by Mr. Serafim.

23. Under Oklahoma law, the negligence of one venturer becomes the negligence of all venturers. Therefore, the negligence of any Defendant is attributable to

any and all joint venturers.

24. Upon information and belief, Defendant SWG was primarily responsible for providing the necessary and adequate climbing equipment. On October 11, 2022, Mr. Serafim fell off a 100-foot cell tower because Defendants, and each of them, were negligent by failing to provide Mr. Serafim with the necessary and adequate climbing equipment. Therefore, the negligence of SWG is attributable to NSI, VGE, and Hansen.

### COUNT IV: ULTRAHAZARDOUS ACTIVITY

25. Tower climbing is an ultrahazardous activity. Companies that engage in an ultrahazardous activity are responsible for ALL damage to property and injuries to persons that are directly caused by the activity.

26. On October 11, 2022, Defendants engaged in a business that requires their employees/agents/contractors to perform the ultrahazardous activity of tower climbing.

27. On October 11, 2022, Mr. Serafim suffered a catastrophic injury while engaged in an ultrahazardous activity for the benefit of Defendants, namely, when he fell off a 100-foot cell phone tower. Therefore, Defendants, and each of them are responsible for ALL of Mr. Serafim's damages.

### COUNT V: INHERENTLY DANGEROUS ACTIVITY

28. Companies that are involved in an inherently dangerous activity have a duty to anticipate and guard against events which may reasonably be expected to

8

occur because of the inherently dangerous nature of the industry.

29. Companies that are involved in an inherently dangerous activity cannot avoid liability for breach of this duty by delegating it to an independent contractor.

30. Climbing 100-foot telecommunications towers is an inherently dangerous condition because it is work that in the ordinary course of events causes injury to others if certain precautions are omitted, but which may as a general rule be executed with safety if those precautions are taken.

31. The only way to safely climb a 100-foot cell tower is by being provided with all the necessary and adequate climbing equipment. In the ordinary course of events, climbing a 100-foot tower without the necessary and adequate climbing equipment, the activity itself is likely to cause injury to others.

32. On October 11, 2022, Defendants, and each of them directed Mr. Serafim to engage in an inherently dangerous condition without taking the necessary precaution to ensure that Mr. Serafim had all the necessary and adequate climbing equipment. Therefore, Defendants, and each of them are liable for all of Mr. Serafim's damages.

## COUNT VI: DAMAGES

33. As a result of Defendants' conduct, Mr. Serafim suffered damages and serious injuries to his body. His damages exceed $75,000.00.

34. Defendants' conduct was reckless, done intentionally with malice towards others and that punitive damages should be assessed against Defendants, and

in favor of Plaintiff, in an amount in excess of $75,000.00.

WHEREFORE, Plaintiff prays for judgment in the amounts recited above, plus costs, interest, attorney's fees, and such other relief as the Court may deem proper.

JURY TRIAL DEMANDED/ATTORNEY LIEN CLAIMED

Respectfully submitted,

s/ Mariano Acuña
Mariano Acuña, OBA #20023
Kari D. Holder, OBA #33195
Mariano Acuña & Associates
1900 Northwest Expressway, Suite 930
Oklahoma City, OK  73118
Telephone:  (405) 225-0703
Facsimile:  (405) 551-8749
mariano@acunalawfirm.com
kari@acunalawfirm.com